**ZAPPE, Exr., Appellant,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.**

[Cite as *Zappe v. Trinity Universal Ins. Co.* (1993), 69 Ohio App.3d 837.]

Court of Appeals of Ohio,
Montgomery County.

No. 13945.

Decided Oct. 12, 1993.

*William L. Havemann,* for appellant.

*Rick E. Marsh,* for appellee.

KERNS, Judge.

On September 9, 1991, the plaintiff, James Zappe, was the executor of the estate of his father, W. Frank Zappe, who had insured his 1989 Chevrolet Celebrity with the defendant, Trinity Universal Insurance Company ("Trinity"), prior to his death.

While James Zappe was acting as fiduciary of his father's estate, he entrusted the vehicle to his daughter, Jenny Zappe, to drive to school, but, on the way home, Jenny was involved in an accident which was later determined to be her fault.

On October 1, 1992, James Zappe, as executor of the estate of his father, commenced this declaratory judgment action seeking a determination of the rights and duties of Trinity relative to the insurance policy issued to his father prior to his death. Then, after the issues were drawn by subsequent pleadings, and after the applicable facts had been stipulated by the parties to the action, both sides moved for a summary judgment. In a decision rendered on March 5, 1993, the trial court sustained Trinity's motion, and from the judgment entered thereupon in the Court of Common Pleas of Montgomery County, appellant James Zappe has perfected an appeal to this court.

The appellant has set forth two assignments of error as follows:

"1. The trial court erred in ruling upon a motion for summary judgment that appellant James Zappe was not entitled to coverage under the Trinity policy for the damages to the insured vehicle as executor of the estate of Frank Zappe, deceased.

"2. The trial court erred in ruling without comment that Jennifer Zappe was not entitled to coverage under the policy as an omnibus insured."

In support of the first assignment of error, appellant relies upon the standard provision of the insurance contract which provides that Trinity would pay for any direct and accidental loss to the covered vehicle which was caused by a collision.

And in support of the second assignment of error, appellant relies upon the liability coverage provision of the policy which extends the definition of "insured" to include any person using the covered automobile.

However, both of the arguments submitted by the appellant tend to ignore another provision of the insurance contract which deals directly with the factual pattern outlined in this case. Specifically, the policy provides as follows:

" * * * if a named insured shown in the Declarations dies, coverage will be provided for:

"1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

"2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use 'your covered auto.' "

Here, the use of the automobile at the time of the accident was not related to the executor's legal responsibility to maintain or use the vehicle of the named insured, W. Frank Zappe, and it is beyond comprehension, under the circumstances, that the insurance policy afforded Jenny Zappe any more coverage under its liability provisions than it provided for her father under its collision provisions.

Therefore, after carefully considering the policy language relied upon by both the appellant and the appellee, we perceive no valid basis for any departure from the comprehensive analysis contained in the decision of the court of common pleas, and for the reasons stated therein, both of the alleged errors are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.